101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
William Titus JONES, a/k/a Titus, a/k/a Ty, a/k/a Baby Boy,
Defendant-Appellant,
Nancy Jones, Harry Jones, Alvin Sistrunk, Robert Cobb,
Sandra Vernon and Rossano Roy Cardillo, Defendants.
 No. 95-1671.
 United States Court of Appeals, Second Circuit.
 July 25, 1996.
 
 1
 Bruce D. Koffsky, Stamford, Connecticut, for Appellant.
 
 
 2
 James L. Glasser, Assistant United States Attorney, District of Connecticut, Bridgeport, Connecticut, for Appellee.
 
 
 3
 Present: WINTER, CABRANES, Circuit Judges, MOTLEY,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for District of Connecticut and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 6
 Defendant-appellant William Titus Jones appeals from a sentence of 151 months in prison and eight years' supervised release. Judge Burns imposed this sentence on November 1, 1995 after Jones pleaded guilty to one count of possession with intent to distribute more than five grams of crack cocaine within one thousand feet of a public elementary school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 860. On appeal, Jones contends that the district court erroneously granted a two-point upward adjustment for his role in the offense pursuant to Sentencing Guideline § 3B1.1(c). However, the sentence imposed by the district court falls within both the guideline range urged by the defendant (121 to 151 months) and the one actually utilized by the district court (151 to 181 months). At sentencing Judge Burns stated that without the two level adjustment she would "be sentencing ... at the high end of the lower range."
 
 
 7
 Therefore, because the same sentence would have been imposed with or without the adjustment, we decline to address Jones's claim and affirm the judgment of the district court. See United States v. Rivera, 22 F.3d 430, 439 (2d Cir.1994) (where the Guidelines provide overlapping ranges of imprisonment, the sentence actually imposed is in the area of overlap, and the sentencing court indicates that it would have imposed the same sentence even using the range urged by the defendant, there is no basis for reversal on appeal); United States v. Bermingham, 855 F.2d 925, 934 (2d Cir.1988) (a defendant has no basis for complaint where the sentencing judge "works through the guideline calculations, selects the applicable guideline range, encounters the defendant's claim that a lower, though overlapping, guideline range is applicable, and then, without resolving the claim, selects a sentence that falls within the overlapping portions of the two ranges").
 
 
 
 *
 The Hon. Constance Baker Motley, United States District Judge for the Southern District of New York, sitting by designation